Robert Fish, Esq. (SBN 149711)
rfish@fishiplaw.com
Mei Tsang, Esq. (SBN 237959)
mtsang@fishiplaw.com
Fish & Associates, PC
2603 Main Street, Suite 1000
Irvine, California 92614-4271
(949)943-8300  (949)943-8358 Facsimile

Todd G. Friedland, Bar No. 187022
todd@sf-lawyers.com
Stephens Friedland LLP
4695 MacArthur Court, Suite 1550
Newport Beach, CA  92660
(949) 468-3200  (949) 468-3201 Facsimile

Attorneys for Plaintiff and Counter-Defendant,
Bird-B-Gone, Inc.

Robert W. Dickerson, Jr., Esq. (SBN 089367)
dickersonr@dicksteinshapiro.com
Richard D. Tuminello (SBN 279321)
tuminellor@dicksteinshapiro.com
Dickstein Shapiro LLP
2049 Century Park East, Suite 700
Los Angeles, CA  90067-3019
(310)772-8300  (310)772-8301 Facsimile

Ehab M. Samuel (SBN 228296)
esamuel@dicksteinshapiro.com
Dickstein Shapiro LLP
2 Park Plaza, Suite 900
Irvine, California  92614
(949)623-7880  (949)623-7881 Facsimile

Attorneys for Defendant and Counterclaimant
Bird Barrier America, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| BIRD-B-GONE, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>BIRD BARRIER AMERICA, INC., a California corporation; and DOES 1 through 10,<br><br>Defendants. | **Case No. SACV12-00178 AG (RNBx)**<br><br>Judge Andrew J. Guilford<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**Complaint Filed February 3, 2012** |

-1-

| | |
|---|---|
| 1 | BIRD BARRIER AMERICA, INC., a California corporation, |
| 2 | |
| 3 | Counterclaimant, |
| 4 | v. |
| 5 | BIRD-B-GONE, INC., a California corporation, |
| 6 | Counter-Defendant. |

## STATEMENT OF GOOD CAUSE

Discovery and trial of this case may involve the exchange of confidential information and/or other proprietary information of the parties. Such information may include certain documents, information (including electronically stored information), tangible objects, and things that may be produced during discovery in this proceeding and may include product designs, product development histories, non-published patent applications, engineering drawings, research, manufacturing records, assembly plans, product testing, bills of materials, CAD/CAM drawings, customer lists, marketing surveys, competition analysis, product sales, drafts of marketing materials, business strategies, and financial data not available to the public information such as prices, profit margins, gross margins, and costs. The parties agree that disclosure to the public of such confidential and/or proprietary information may be detrimental to their respective commercial interests. Therefore, the parties have agreed to enter into this Protective Order.

## PROTECTIVE ORDER

WHEREAS, in connection with the above-captioned matter, certain information, documents and things containing trade secrets and other confidential business information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure may be disclosed by the parties and/or non-parties voluntarily and/or in response to discovery demands;

WHEREAS, it would serve the interests of the parties to conduct discovery relating to this proceeding under a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS, the parties have agreed to be bound by the terms of this Stipulation and to present the same for entry as an Order of the Court; and

WHEREAS, the parties agree that non-parties may join in this Protective Order and receive the benefits and be subject to the obligations thereof upon written notice:

**IT IS HEREBY STIPULATED AND AGREED THAT:**

1. This Protective Order shall apply to all information, documents, testimony and things produced, disclosed, or filed in this action and any appeal, by or on behalf of any party or third party, voluntarily or involuntarily, whether pursuant to formal or informal discovery requests, subpoena, deposition notice, or motion practice, and whether revealed in a document, deposition, response to any type of written discovery, submission to this Court or otherwise ("Litigation Material.")  Any party or third party may designate any Litigation Material CONFIDENTIAL or HIGHLY CONFIDENTIAL–ATTORNEY'S EYES ONLY as provided in this Protective Order.  As used herein, "Designated Information" means any information, documents, testimony and things designated either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEY'S EYES ONLY."

2. All Designated Information is provided solely for the prosecution or defense of this action and any appeal and may not be used for any other purpose, except by leave of court upon noticed motion with notice to all interested parties.

3. Any Litigation Material which is deemed by a party or by a non-party to disclose that party or non-party's Designated Information will be so identified and labeled as either CONFIDENTIAL or HIGHLY CONFIDENTIAL–ATTORNEY'S EYES ONLY as follows:

1       a.     A party or non-party may designate Litigation Material CONFIDENTIAL only if it, in concurrence with its counsel and in good faith, deems that the Litigation Material contains confidential or other proprietary information that is not generally available to the public and that a reasonable basis exists for limiting dissemination of the material under the standards of FRCP 26. Litigation Material designated CONFIDENTIAL shall include any copy or other reproduction, excerpts, summaries, abstracts, or other documents that paraphrase, quote, or contain CONFIDENTIAL information.

      b.     A party or non-party may designate Litigation Material HIGHLY CONFIDENTIAL–ATTORNEY'S EYES ONLY if it, in concurrence with its counsel and in good faith, determines that the Litigation Material contains proprietary information, trade secrets, or other highly sensitive commercial or competitive information whose disclosure would raise a material risk of (i) present or future competitive injury to the designating party or (ii) present or future competitive or commercial advantage, including litigation advantage, to the receiving party or non-parties.

      c.     In the case of information voluntarily disclosed in these proceedings or disclosed as a result of discovery, the producing party or non-party will identify any designated Litigation Material at the time of disclosure.

      d.     In the case of a deposition, any party or non-party may orally designate at the deposition any portion of the testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL–ATTORNEY'S EYES ONLY subject to the terms of paragraphs 3(a) and 3(b) above. Further, any party or non-party may further designate any portion of the deposition transcript as CONFIDENTIAL or HIGHLY CONFIDENTIAL–ATTORNEY'S EYES ONLY within thirty (30) days after receipt of the transcript. The party or non-party making such additional designation shall advise opposing counsel and the Court Reporter of the additional designation by letter making reference to the specific pages and exhibits to be so

designated. The Court Reporter shall then mark the face of the transcript containing such confidential testimony and/or exhibits CONFIDENTIAL PURSUANT TO COURT ORDER or HIGHLY CONFIDENTIAL–ATTORNEY'S EYES ONLY PURSUANT TO COURT ORDER, as appropriate.

4. Inadvertent failure to designate Designated Information as such prior to disclosure, production or response will not prevent a subsequent confidentiality designation by letter promptly sent after discovery of such inadvertent failure, provided that any disclosure made by the receiving party prior to receipt of the letter shall not be a violation of this Protective Order, nor shall the receiving party incur liability for use or disclosure of the information prior to the receipt of such letter.

5A. Unless and until the Court rules that any Litigation Material so identified as CONFIDENTIAL is not, in fact, worthy of treatment as such and should be disclosed beyond the limits permitted by this Protective Order, access, copying or dissemination of Litigation Material so designated shall be limited to:

a. Outside Counsel of Record and their partners, associates, and their employees (including stenographic, clerical and paralegal employees) and outside copy services whose functions require access to such Designated Information and who agree in writing to be bound by the terms of this Protective Order;

b. Independent experts or consultants retained by a party, and their clerical employees who are not and were not employees of the parties or their affiliates, and whose advice, consultation and/or testimony are being or will be used by the parties in connection with preparation for trial of this action and/or any motions or appeals connected with the action. However, at least ten (10) days prior to the disclosure of Designated Information under this paragraph: (1) such

persons must be identified in writing to each party[1] in the action; (2) the resume of the expert or consultant shall be provided to each party in the action; and (3) the expert or consultant executes Exhibit A attached hereto; and (4) a copy of Exhibit A is provided to each party in the action.  If any party objects to the disclosure of such information to said expert or consultant, that party must serve a written objection within 10 days after receipt of all of the information set forth herein.  No disclosure of Designated Information shall occur until all objections are resolved by the parties or by court order, including any appeal of such order.

      c.      Persons appearing for deposition provided that such persons: (1) authored or received such Designated Information; (2) are established as being knowledgeable of the contents of such Designated Information prior to the time of his or her testimony; or (3) are a current or former employee of the party (or non-party) that produced the Designated Information (subject to the right of the producing party to object and move for a protective order prior to the deponent being given access to such Designated Information).

      d.      The Court and its officers (including court reporters) provided, however, neither the Court nor its officers shall be required to execute the "Acknowledgement" attached hereto as Exhibit A;

      e.      Any other person that the parties hereto agree to in writing; and

      f.      Such officers, directors, or employees of the parties, as counsel, in good faith, determines are necessary to provide assistance in the prosecution or defense of this action, and who have signed the agreement to be bound by the Protective Order that is attached as Exhibit A to the Protective Order.

---

[1] If a non-party's Designated Information is involved, that non-party shall also be notified and all of the provisions of this paragraph that apply to parties shall apply to non-parties as well.

5B. Unless and until the Court rules that any Litigation Material so identified as HIGHLY CONFIDENTIAL–ATTORNEY'S EYES ONLY is not, in fact, worthy of treatment as such and should be disclosed beyond the limits permitted by this Protective Order, access, copying or dissemination of Litigation Material so designated shall be limited to:

a. Outside Counsel of Record and their partners, associates, and their employees (including stenographic, clerical and paralegal employees) and outside copy services whose functions require access to such Designated Information and who agree in writing to be bound by the terms of this Protective Order;

b. Independent experts or consultants retained by a party, and their clerical employees who are not and were not employees of the parties or their affiliates, and whose advice, consultation and/or testimony are being or will be used by the parties in connection with preparation for trial of this action and/or any motions or appeals connected with the action. However, at least ten (10) days prior to the disclosure of Designated Information under this paragraph: (1) such persons must be identified in writing to each party[2] in the action; (2) the resume of the expert or consultant shall be provided to each party in the action; and (3) the expert or consultant executes Exhibit A; and (4) a copy of Exhibit A is provided to each party in the action. If any party objects to the disclosure of such information to said expert or consultant, that party must serve a written objection within 10 days after receipt of all of the information set forth herein. No disclosure of Designated Information shall occur until all objections are resolved by the parties or by court order, including any appeal of such order.

c. Persons appearing for deposition provided that such persons: (1) authored or received such Designated Information; (2) are established as being

---

[2] If a non-party's Designated Information is involved, that non-party shall also be notified and all of the provisions of this paragraph that apply to parties shall apply to non-parties as well.

knowledgeable of the contents of such Designated Information prior to the time of his or her testimony; or (3) are a current or former employee of the party (or non-party) that produced the Designated Information (subject to the right of the producing party to object and move for a protective order prior to the deponent being given access to such Designated Information).

      d.     The Court and its officers (including court reporters) provided, however, neither the Court nor its officers shall be required to execute the "Acknowledgement" attached hereto as Exhibit A; and

      e.     Any other person that the parties hereto agree to in writing. 6. To the extent that Designated Information is included in any pleading, paper, or other document filed with the Court, the party filing such Designated Information shall lodge such information under seal and, concurrently therewith, file an Application to file such papers, or the portion containing the Designated Information, under seal. If a party elects to file its own Designated Information not under seal, it may do so, but any and all confidentiality designations governing such documents are waived and, going forward, the documents shall not be treated as Designated Information under this Protective Order.

      7.     This Protective Order shall not foreclose any of the parties from moving this Court for an order that Designated Information is not within the scope of protection afforded by this Protective Order or that Litigation Material designated as HIGHLY CONFIDENTIAL–ATTORNEY'S EYES ONLY should be reclassified as CONFIDENTIAL. Further:

      a.     A party does not waive its right to challenge a designation of CONFIDENTIAL or HIGHLY CONFIDENTIAL–ATTORNEY'S EYES ONLY by electing not to mount a challenge immediately after the original designation is made;

b.    A party that elects to initiate a challenge as to any Designated Information must do so in good faith and must begin the process by conferring directly with counsel for the party, or non-party, making such designation; and

c.    A party that elects to challenge a confidentiality designation shall do so upon noticed motion in accordance with applicable law and local rules. The party seeking to uphold the confidentiality designation bears the burden of proof and sanctions may be issued at the Court's discretion for any designation made in bad faith or for any motion made in bad faith.

d.    Each Party that designates information or items for protection under the Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards, including designating protected information on a page by page, paragraph by paragraph, or item by item basis, at the lowest reasonable level of protection so that (a) only those parts of material, documents, items, or oral or written communications are designated that qualify under the appropriate standards, and (b) other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order;

e.    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to be accessed fees and costs for abusing its designations.

f.    All disputes regarding designations will be resolved by the trial court judge or magistrate by as required by F.R.C.P 37 and Local Rule 37, or as otherwise ordered by the Court.

8.    This Protective Order shall not prevent any party or non-party from applying to the Court for relief herefrom or for further and/or additional protective

-9-
[PROPOSED] STIPULATED PROTECTIVE ORDER

orders, and/or from agreeing between themselves, subject to approval of the Court, to modification of this Protective Order.

9. Subject to the limitations of this Protective Order, Designated Information identified in accordance with paragraph 3 hereto may be used during discovery, in connection with any motion, at the trial and/or appeal of this action, and for any other purpose as this Court may allow after notice to all parties.

In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential" or "Highly Confidential - Attorney's Eyes Only," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

10. If any Designated Information is disclosed, inadvertently or otherwise, to a person or party not entitled to receive such Designated Information under the terms of this Protective Order, the party or non-party that disclosed the Designated Information shall (a) promptly inform the person to whom disclosure was made of all the provisions of this Protective Order; (b) immediately inform the designating party about all circumstances of the improper disclosure, including what Designated Information was improperly disclosed and to whom it was disclosed; (c) request the person to whom disclosure was made to sign the acknowledgment set forth in Exhibit A of this Protective Order; and (d) serve the original signed acknowledgment on the designating party.

11. The inadvertent or unintentional production of Litigation Material which a party or non-party later claims should not have been produced because of a privilege, including but not limited to attorney-client privilege or work product immunity, will not be deemed to waive any privilege. A party or non-party may

request the return of such privileged materials by identifying the material and the basis for the claim of privilege. If a party or non-party requests the return of such material, the party having custody of the material shall return it and all copies within five (5) calendar days.

12. Nothing in this Protective Order shall prejudice or waive the right of any party to object to the production of any document upon any appropriate ground, including any applicable privilege. Moreover, nothing in this Protective Order shall prejudice or waive the right of any party to object to the admissibility of any Litigation Material or other evidentiary material on any appropriate ground. Entering into and/or complying with this Protective Order shall not: (a) operate as an admission by any party that any particular Litigation Material contains or reflects currently valuable trade secrets or protected proprietary or commercial information, or (b) operate as an admission by any party that any particular Litigation Material is, or is not, relevant to this action.

13. Within thirty (30) days after final termination of this case and any appeal, receiving counsel shall return all copies and samples of Designated Information in its possession, custody or control to counsel for the party who has provided them or certify destruction thereof. Counsel for each of the parties is permitted to retain, subject to the continued restrictions of this Protective Order, one copy of any document filed with the Court.

14. No copy of any deposition transcript or any portion identified as Designated Information shall be prepared or furnished by the reporter to any person other than to attorneys of record for the parties. Neither the original nor any copy of any transcript of any deposition taken in this action shall be filed in Court until the time period has elapsed for the designation of portions of the transcript as Designated Information, unless the transcript and all papers referencing the transcript are filed under seal.

15. In the event that a party or non-party to whom Designated Information has been disclosed receives a discovery request, subpoena, order or other form of compulsory process requiring that it (the "subpoenaed party") produce Designated Information, the subpoenaed party shall promptly notify the designating party of the demand. If the designating party elects to resist production of the materials, it shall promptly so notify the subpoenaed party and the latter shall cooperate in affording the designating party the opportunity to oppose or limit production of the materials provided. Nothing in this Protective Order is intended or should be construed as authorizing a party to disobey a lawful subpoena issued in another action.

16. This Protective Order shall survive the final determination of this action and shall remain in full force and effect after the conclusion of all of the proceedings herein and the Court will retain jurisdiction to enforce its terms and to ensure compliance herewith.

17. This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own Designated Information for any purpose. Also, nothing contained herein shall impose any restrictions on the use or disclosure by the Receiving Party of information that: (a) the Receiving Party can prove was already known to such party by lawful means prior to its disclosure by the Designating Party in this action; (b) is or becomes publicly known through no fault of the Receiving Party; or (c) is rightfully received by the Receiving Party from a third party which has authority to provide such information and who is without restriction on the use or disclosure of such information.

**SO STIPULATED.**

STEPHENS FRIEDLAND LLP

Dated: August 1, 2012   By:   /s/ Todd Friedland
Todd Friedland, Esq.
Attorney for Plaintiff
Bird-B-Gone, Inc.

|   |   |   |
|---|---|---|
| 1 |   | FISH & ASSOCIATES, PC |
| 2 | Dated: August 2, 2012 | By:     /s/ Mei Tsang |
| 3 |   | Mei Tsang, Esq.<br>Attorneys for Plaintiff |
| 4 |   | Bird-B-Gone, Inc. |
| 5 |   | DICKSTEIN SHAPIRO LLP |
| 6 | Dated: August 2, 2012 | By:     /s/ Robert W. Dickerson, Jr. |
| 7 |   | Robert W. Dickerson, Jr.<br>Attorneys for Defendant and |
| 8 |   | Counterclaimaint Bird Barrier, Inc. |

**IT IS SO ORDERED:**

Dated: August 02, 2012          By: _[signature: Robert N. Block]_

                                                The Honorable Robert N. Block,<br>                                              United States Magistrate Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| BIRD-B-GONE, INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>BIRD BARRIER AMERICA, INC., a California corporation; and DOES 1 through 10,<br><br>    Defendants. | Case No. SACV12-00178 AG (RNBx)<br><br>Judge Andrew J. Guilford<br><br>**ACKNOWLEDGEMENT TO BE BOUND BY THE TERMS PROTECTIVE ORDER**<br><br>Complaint Filed February 3, 2012 |
| AND RELATED COUNTERCLAIMS. | |

    I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in. Bird-B-Gone, Inc., v. Bird Barrier America, Inc., Case No. SACV12-00178 AG (RNBx).  I have read the Order.  I understand and agree to be bound by its terms, and I consent to the jurisdiction of this Court for the purpose of any proceeding to enforce the terms of the Order.

    Present occupation/job description: _____

_____

    Name of Company or Firm: _____

    Address:_____

I declare under penalty of perjury that the foregoing is true and correct.

DATED: _____                    (Signature)_____