Robert Fish, Esq. (SBN 149711)
rfish@fishiplaw.com
Mei Tsang, Esq. (SBN 237959)
mtsang@fishiplaw.com
Rosie Kim, Esq. (SBN 280256)
rkim@fishiplaw.com
Fish & Associates, PC
2603 Main Street, Suite 1000
Irvine, California 92614-4271
Telephone: 949-943-8300
Facsimile: 949-943-8358

Attorneys for Plaintiff and Counter-Defendant,
Bird-B-Gone, Inc.

Robert W. Dickerson (SBN 089367)
dickersonr@dicksteinshapiro.com
Richard D. Tuminello (SBN 279321)
tuminellor@dicksteinshapiro.com
Dickstein Shapiro, LLP
2049 Century Park East, Suite 700
Los Angeles, California 90067-3109
Telephone: (310) 772-8300
Facsimile: (310) 772-8301

Ehab M. Samuel (State Bar No. 228296)
esamuel@dicksteinshapiro.com
Dickstein Shapiro LLP
2 Park Plaza, Suite 900
Irvine, California 92614
Telephone: (949) 623-7880
Facsimile: (949) 623-7881

Attorneys for Defendant and Counterclaimant,
Bird Barrier America, Inc.

NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| BIRD-B-GONE, INC., a California corporation,<br><br>    Plaintiff/ Counterdefendant,<br><br>      v.<br><br>BIRD BARRIER AMERICA, INC., a California corporation,<br><br>    Defendant/Counterlaimant.<br><br>And related counterclaims. | Case No. SACV12-00178 AG (RNBx)<br>[Consolidated with SACV13-00082]<br><br>Honorable Andrew J. Guilford<br><br>**CONSENT JUDGMENT AND INJUNCTION** |

# CONSENT JUDGMENT AND INJUNCTION

WHEREAS, plaintiff/counterdefendant Bird-B-Gone, Inc. ("BBG") and defendant/counterclaimant Bird Barrier America, Inc. ("BBA"), without admitting liability or wrongdoing, and without waiving any rights except as expressly stated herein, and solely to avoid the effort, expense and distraction of litigation, have agreed in a separate confidential Settlement Agreement to settle all claims and counterclaims in the above-captioned consolidated matter on the terms set forth in that Agreement; and

WHEREAS, as part of that settlement, BBG and BBA have agreed to entry by the Court of this Consent Judgment and Injunction.

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED, AND DECREED THAT:

1. This Court has continuing jurisdiction over the parties and the subject matter hereof to enforce the terms and provisions of this Consent Judgment and of the Confidential Settlement Agreement between the parties.

2. BBA, and its officers, employees, subsidiaries, and affiliates, *who receive actual notice*, are hereby enjoined and restrained, until the invalidation or expiration of U.S. Patent Nos. 8,015,747, 8,020,340, and 8,286,385, from directly or indirectly making, using, selling, offering for sale, importing, or exporting any electrified bird track having a flexible base to which conductive elements are sewn, and further having open channels, troughs, grooves or notches on the underside of the base into which the sewing threads extend, including among other things, the accused product as referenced in the parties confidential settlement agreement effective April 22, 2013, or encouraging or causing such a product to be made, used, sold, offered for sale, imported, or exported, or using the accused product as referenced in the parties confidential settlement agreement effective April 22, 2013 in any of its marketing or instructional material, or at any trade show.  This injunction does not apply to BBA's new flap design that involves one or more

1  flaps on the bottom of the base that cover the sewing threads as shown in the photographs of a base (to which electrical conductors will be sewn) attached as Exhibit A. BBG shall not assert U.S. Patent Nos. 8,015,747, 8,020,340, and 8,286,385, or any reissue of U.S. Patent No. 8,020,340, against BBA's flap design product. BBA will confirm to BBG that any of its existing inventory of the accused product will be or has been destroyed.

3. BBG, and its officers, employees, subsidiaries, and affiliates, *who receive actual notice*, are hereby enjoined and restrained, until the invalidation or expiration of the U.S. Patent No. 7,481,021, from directly or indirectly making, using, selling, offering for sale, importing, or exporting any electrified bird track having a braided conductive element, or encouraging or causing such product to be made, used, sold, offered for sale, imported, or exported, or using a braided product in any of its marketing or instructional material, or at any trade show.

4. Nothing herein shall require BBG to retrieve braided product already sold or installed, or require BBA to retrieve accused product already sold or installed; and nothing herein applies to the Flex Track flat-base product without having open channels, troughs, grooves or notches on the underside of the base that BBA is currently selling or prevents BBA from continuing directly or indirectly to make, use, sell, offer for sale, import or export that product.

5. The above-captioned consolidated matter is otherwise hereby dismissed without prejudice in its entirety. In the event of any future litigation between the parties involving the above-referenced U.S. Patents or this Consent Injunction, the parties may assert any claim, affirmative defense or counterclaim in that matter at that time.

/ / / /
/ / / /
/ / / /
/ / / /

CONSENT JUDGMENT AND INJUNCTION

6. The parties shall bear their own fees and costs.

IT IS SO ORDERED.

Date: June 06, 2013

_____
Honorable Andrew J. Guilford
Judge, United States District Court

Submitted by:

Date: May 29, 2013          By: /s/ Mei Tsang_____
                                Mei Tsang, Esq.
                                Attorneys for Plaintiff and Counter-Defendant Bird-B-Gone, Inc.

Date: May 29, 2013          By: /s/ Robert W. Dickerson
                                Robert W. Dickerson, Esq.
                                Attorneys for Defendant and Counterclaimant Bird Barrier America, Inc.